Eastern District of Kentucky
FILED
FEB 1 3 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-38-JMH

CHALMER C. HAYES                                               PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                       RESPONDENT

Chalmer C. Hayes, who is confined in the United States Medical Center for Federal Prisoners located in Springfield, Missouri ("MCFP- Springfield"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1].

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

Petitioner alleges in his §2241 petition that his 1997 federal criminal conviction in this

Court violated his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution.

## RESPONDENT

The petitioner has named the United States of America as the respondent in this action.

## RELIEF REQUESTED

The petitioner asks the Court to enter an order vacating his criminal sentence.

## PETITIONER'S HISTORY IN THIS COURT
### 1. Criminal Conviction in 96-CR-0060-JBC

On January 28, 1997, a jury in this Court convicted the petitioner of Racketeering-Murder. *See United States of America v. Chalmer C. Hayes*, London Criminal Action 96-CR-60 (Hon. Jennifer B. Coffman, presiding). On July 25, 1997, the Court sentenced the petitioner to serve a 120-month term of imprisonment, plus two years of supervised release.[1] On appeal, the Sixth Circuit affirmed the petitioner's sentence and conviction. *United States of America v. Chalmer C. Hayes*, 218 F.3d 615 (6th Cir. 2000).

### 2. First Motion to Vacate Under 28 U.S.C. §2255

On February 1, 2005, the petitioner filed a "Motion for Order as to Chalmer Hayes" [*Id.*, Record No. 172] and a "Motion for leave to File Supplemental Issues and Supportive Brief as to Chalmer C. Hayes" [*Id.*, Record No. 173]. This was the petitioner's first motion to vacate or set aside his sentence under 28 U.S.C. §2255. The United States Attorney's Office filed a "Motion to Dismiss" [Record No. 175] and Memorandum of Law [*Id.*, Record No. 176] in

---

[1] The Court recommended in the criminal judgment that the petitioner be incarcerated at the Federal Medical Center in Lexington, Kentucky, or another federal medical center near his home.

support of its Motion to Dismiss.

On May 2, 2005, the Court entered a Memorandum Opinion and Order denying the petitioner's motion to vacate his sentence [*Id.*, Record No. 177]. The Court determined that the petitioner had failed to make a substantial showing that his constitutional rights were denied, and that reasonable jurists would not find the assessment herein of his constitutional claims either debatable or wrong.[2] The record does not reflect that the petitioner appealed the Court's denial of his §2255 motion.

## ALLEGATIONS OF THE PETITION

Petitioner alleges that his right to due process of law, guaranteed under the Fifth Amendment of the United States Constitution, was violated during his criminal proceeding. Specifically, he claims in his current §2241 submission that he was not competent to stand trial back in 1997. He therefore argues that his conviction is invalid and should be vacated and set aside. Referring to himself in the third person, the petitioner states as follows in his §2241 petition:

---

[2]

The Court takes judicial notice of other criminal charges filed against the petitioner in this court. On July 5, 2005, the petitioner was charged with violating: (i) 18 U.S.C. §373, Solicitation to commit Crime of Violence, and (ii) 18 U.S.C. §115(a)(1)(B), retaliating Against a Federal Official by Threatening that official. *See United States of America v. Chalmer c. Hayes*, 5:05-CR-00111 (Hon. James L. Graham, presiding). In 2006, the petitioner underwent mental examinations by order of this Court. On June 27, 2006, the Court ordered that the petitioner could be involuntarily medicated with antipsychotic drugs to allow him to stand trial.

The 2005 criminal proceeding is still pending in this Court, the most recent activity having occurred on February 6, 2007. On that date, the petitioner filed a *pro se* emergency motion requesting a deposition, although the record reveals that petitioner is represented by counsel.

3

> "Petitioner asserts the belief that his conviction in the matter U.S. v. Hayes, 96-00060 was unconstitutional, and that he was convicted while "not competent" to stand trial, a matter which was never addressed until the day of his sentencing. Petitioner asserts his belief that he denied "due process," as held in U.S. v. Kohl, 379 F.2d 427 (2nd Cir.1967), which held, "one, who for some reason has been arbitrarily or otherwise erroneously prevented from invoking, or who is unable to invoke, statute authorizing a pre-trial mental examination during period in which it applies or whose evidence of mental incompetency is not discovered until after he has been convicted and sentenced can attack the sentence collaterally. Petitioner does so with this filing, and asserts a belief that his conviction was unlawful."

[Petition, Record No. 1-1, pp. 1-2]

## DISCUSSION

Although the petitioner has filed his submission under the mantra of 28 U.S.C. §2241, it appears that the petitioner is attempting to challenge his 1997 criminal conviction under the Fifth Amendment on the grounds that he was mentally incompetent to stand trial. This would be his second attempt to challenge his conviction, his first attempt having been undertaken on February 1, 2005, in his 1997 criminal proceeding. As noted, the Court denied the petitioner's §2255 motion to vacate his sentence on May 2, 2005.

Title 28 U.S.C. §2244(b)(ii)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631." *In re Sims*, 111

F.3d 45, 47 (6th Cir.1997).[3]

Given the allegations in the §2241 petition, the Court characterizes the petition as a "second or successive habeas corpus application" governed by 28 U.S.C. §2244. This Court is therefore without jurisdiction to decide the construed second or successive motion to vacate or set aside sentence. The Clerk of the Court will be directed to transfer this case to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. §1631, for review and disposition.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The Court recharacterizes the petition [Record No. 1] filed by Chalmer C. Hayes in this proceeding, 07-38-JMH, as a "second or successive habeas corpus application" governed by 28 U.S.C. §2244.

(2) The Clerk of the Court is directed to transfer this proceeding to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for review and disposition.

This the 13th day of February, 2007.

JOSEPH M. HOOD, CHIEF JUDGE

---

[3] *See also Mott v. Booker*, 2007 WL 142166, *2 (E. D. Mich., January 16, 2007) (This Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals.").